ELECTRONICALLY FILED
2013-Oct-21 15:40:05
60CV-13-3913

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

FIRST STATE BANK PLAINTIFF

VS. NO. 60CV-13-3913

CITY OF ALEXANDER, ARKANSAS
PAUL ANTHONY GRAVER AND
LANCE DOMINIQUE DEFENDANTS

CITY OF ALEXANDER, ARKANSAS CROSS COMPLAINANT

VS.

PAUL ANTHONY GRAVER AND
FIRST GOVERNMENT LEASE CO. CROSS DEFENDANTS

---

**CROSS COMPLAINT AND PETITION FOR ORDER OF DELIVERY AND PETITION FOR TEMPORARY AND PERMANENT RESTRAINING ORDER**

---

**I. Parties, Jurisdiction & Venue**

Comes the City of Alexander, by and through its attorney, Carla L. Miller, and for its Cross Complaint against the Cross Defendants Paul Anthony Graver and First Government Lease Co. States:

1. The Cross Complainant ("Alexander" or the "City") is a city of the second class existing under Arkansas law, with its city hall located in Pulaski County, Arkansas.

2. Upon information and belief, Cross Defendant, First Government Lease Co. ("First Government") is an unincorporated Illinois business entity with its principal place of business located at PO Box 8331, Northfield, IL 60093. First Government is not registered to do business in Arkansas.

3. Upon information and belief, Cross Defendant, Paul Anthony Graver ("Graver"), is an individual who resides in or about Chicago, Illinois and holds himself out as the President of First Government.

4. The actions complained of herein occurred in Pulaski County, Arkansas. This Court has jurisdiction over the parties and the subject matter hereof, and venue properly lies in Pulaski County.

II. **Factual Background**

5. On or about October 11, 2013, Cross Defendant Graver and/or First Government, by and through an agent, took possession of One 1999 Freightliner, FL80 Firetruck, VIN 1FV6JLCB1XHA71796 ("Firetruck") from City of Alexander by purporting to have authority from First State Bank, Waynoka, Oklahoma, the Plaintiff herein, to repossess the vehicle. See Exhibit A attached (State Police Incident Report).

6. In addition to taking possession of the Firetruck, the agent of Cross Defendants denied the City employees access to the Firetruck to retrieve

equipment necessary for the function of the City's fire department, some of which belongs to the U.S. Government, and none of which is subject to any security lien.

7. First State Bank did not authorize Graver or First Government to take any action against or with the City of Alexander on its behalf. See Exhibit B, Affidavit of Michael George, President of First State Bank.

8. The Firetruck is security for a Lease Purchase Agreement assigned to Shattuck Bank, Shattuck Oklahoma, payments for which are not in default. See Exhibit C attached hereto.

9. The Firetruck is not security for, nor is it in any way related to, any indebtedness owed to First State Bank.

10. Defendants First Government and Paul Graver have no security or any other interest in the Firetruck that was removed from the possession of the City on October 11, 2013. See Exhibit D, Arkansas Title Registration Report.

11. Since October 11, 2013, Cross Defendant Graver has continually harassed employees of the City by telephoning and leaving voice mail messages that are verbally abusive to City employees elected officials. Graver has furthermore falsely represented that he speaks on behalf of First State Bank, and threatened additional action against the City. See Exhibit B.

## COUNT I
## UNLAWFUL REPOSSESSION - REPLEVIN

12. Plaintiff re-states and realleges paragraphs 1-11 herein as if set out word by word.

13. Cross Defendants First Government and Graver have no security interest in the Firetruck, and as such neither is a secured party entitled to repossess collateral without judicial process under Ark. Code Ann. § 4-9-609.

14. Defendants First Government and Graver acted without any legal authority to take possession of the Firetruck.

15. The "repossession paperwork" presented the Arkansas State Police was falsified and therefore fraudulent. See Exhibits A, B, C and D.

16. The Firetruck is not the subject of any pending litigation.

17. The Firetruck is not security for any indebtedness that is currently in default.

18. Defendants First Government and Graver provided no notice to the City of any authority they possess to exercise any security interest or right to take possession of the Firetruck.

19. City employees, specifically, the firefighters in possession of the Firetruck at the time it was taken by the Cross Defendants, enlisted the aid of the Arkansas State Police when Cross Defendants First Government and Graver attempted to take the Firetruck from the employees' possession. The resulting

incident breached the peace and therefore should have terminated any alleged repossession attempt. See Exhibit A.

20. The actions of the Cross Defendants deprive the citizens of Alexander of equipment necessary for their health, safety and welfare and create the risk of irreparable harm if the Firetruck is not immediately returned.

21. Cross Defendant has wrongfully repossessed the Firetruck and the City of Alexander is entitled to the immediate return of its property, damages, including punitive damages to deter such wrongful actions, and attorneys fees.

22. In the alternative, the City is entitled to replevin of its property pursuant to Ark. Code Ann. § 18-60-801, et.seq.

**COUNT II**
**CONVERSION**

23. Plaintiff restates and realleges paragraphs 1-22 as if set out word by word.

24. The Firetruck is a moveable item of personal property owned by the City.

25. Cross Defendants First Government and Graver have no security interest in the Firetruck, and have obtained no Court Order of Possession or any other legal authority to exercise dominion over the Firetruck. As such, by taking possession of the Firetruck from the City Employees, Cross Defendants acquired possession of the Firetruck in an unauthorized manner.

26. The "repossession paperwork" presented to the Arkansas State Police was falsified and therefore fraudulent. See Exhibits A, B, C and D.

27. Cross Defendants First Government and Graver removed the Firetruck from Pulaski County, Arkansas to an unnamed location with the intent to exercise control over it.

28. Defendants First Government and Graver transferred possession of the Firetruck from the City to themselves without authority.

29. Defendants First Government and Graver continue to withhold possession of the Firetruck from the City with no legal right to do so.

30. Defendants First Government and Graver assert ownership over the Firetruck that is inconsistent with the City's Rights.

31. The actions of the Cross Defendants First Government and Graver constitute distinct acts of dominion and control over the Firetruck that is inconsistent with the City's rights.

32. Cross Defendants, having unlawfully obtained possession of the Firetruck are in unlawful possession of property belonging to the Plaintiff.

33. Cross Defendants' actions constitute conversion of the City's property, and the City is entitled to the immediate return of the Firetruck.

34. The actions of the Cross Defendants deprive the citizens of Alexander of equipment necessary for their health, safety and welfare and create the risk of irreparable harm if the Firetruck is not immediately returned.

35. The City is entitled to damages, including punitive damages, and attorney's fees which result from the actions of Cross Defendants in unlawfully taking possession of and concealing the Firetruck, and removing the Firetruck from the jurisdiction of this Court.

36. The City reserves the right to make a claim under Ark. Code Ann. §18-60-803 and §16-22-309 for damages and attorney's fees which result from any action by Defendant in concealing the vehicle, interfering with the enforcement of an Order of Delivery, removing the vehicle from the jurisdiction of this Court, asserting frivolous defenses or refusing to disclose the vehicle's location.

37. The City is entitled to an Order for the immediate return of possession of the Firetruck, to damages, including punitive damages, and attorney's fees for conversion of the City's property.

**COUNT III**
**VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT**

38. Cross Claimant restates and realleges Paragraphs 1-37, as if set out word by word.

39. Cross Defendants, by their agent, presented false and/or misleading documentation to the City's employees and the Arkansas State Police to facilitate taking possession of the Firetruck. See Exhibits A, B, and C.

40. Cross Defendants' actions constitute unconscionable, false, or deceptive act in business, commerce or trade in violation of Ark. Code Ann. § 4-88-107(a)(10), the Arkansas Deceptive Trade Practices Act.

41. The actions of the Cross Defendants deprive the citizens of Alexander of equipment necessary for their health, safety and welfare and create the risk of irreparable harm if the Firetruck is not immediately returned.

42. The City is entitled to damages, including punitive damages, and attorney's fees as a result of the actions of Cross Defendants.

43. Cross Complainant is entitled to an Order of Delivery for the immediate return of the Firetruck, for damages, including punitive damages, and attorney's fees in connection with Cross Defendant's wrongful actions.

**COUNT IV**
**TEMPORARY RESTRAINING ORDER**

44. Cross Claimant restates and realleges Paragraphs 1-43, as if set out word by word.

45. Cross Defendants have unlawfully taken possession of the Firetruck, which is vital to the health, safety and welfare of its citizens.

46. Cross Defendant Graver continues to harass the City and its employees by using verbally abusive language in conversations and voice mail messages; and by falsely purporting to speak on behalf of First State Bank. See Exhibit B.

47. By being deprived of the use of the Firetruck, the City will suffer irreparable harm in the ability to manage emergencies that occur within the City.

48. The City is irreparably harmed by Cross Defendant Graver's harassment by being forced to divert its personnel and resources to dealing with Graver rather than tending to the business of the City.

49. Cross Defendants have no interest in the City of Alexander, nor any property owned by the City of Alexander; and are in unlawful possession of the City's property. See Exhibits A, B, C, and D.

50. Cross Defendants will suffer no harm resulting from a temporary restraining order.

51. The balance between the foregoing irreparable harm and any injury that may be suffered by the Cross Defendant if the temporary restraining order is granted weighs heavily in favor of the City.

52. The City is likely to succeed on the merits of its cross complaint.

53. The public interest weighs in favor of the entry of a temporary restraining order in favor of the City, because, as stated above, Cross Defendants

have no interest in the City or any property owned by the City, and no basis upon which to exercise any authority over the City or any property owned by the City.

54. Cross Complainant reserves the right to amend this cross complaint.

**WHEREFORE**, Cross Complainant prays for an Emergency ex-parte Order of Delivery of the Firetruck; or in the alternative, for an immediate hearing for the Defendant to show cause as to why an Order of Delivery should not immediately be issued; for judgment for the recovery of the Firetruck; for a temporary and permanent restraining order restraining Cross Defendants from harassing the City and its employees, and attempting any legal, collection, repossession or other action against the City; for damages, including punitive damages, and attorney's fees; for its costs herein expended, and for all other just and proper relief.

Carla L. Miller (2012123)
The Miller Firm
2226 Cottondale Lane, Suite 200
Little Rock, AR 72202
(501) 454-2972
CarlaMiller.07@comcast.net

**CERTIFICATE OF SERVICE**

I, Carla L. Miller, do hereby certify that the foregoing pleading / document has been served upon the following parties and/or attorneys of record by the following methods:

_XX__ E-mail Transmission
_____ Facsimile Transmission
_____ The Court's ECF System
_____ Hand Delivery
_____ First Class Mail, Postage Prepaid
_____ Other: ____________________

Christopher L. Travis
**Gill Ragon Owen, P.A.**
**425 West Capitol Avenue, Suite 3801**
Little Rock, AR 72201
travis@gill-law.com

on this 21st day of October, 2013.

Carla L. Miller

______________________
Carla L. Miller



# Arkansas Uniform Incident Report

Incident Report Number: A-10/13-0086

ELECTRONICALLY FILED
2013-Oct-21 15:40:05
60CV-13-3913

**SUMMARY**

| Type Incident | Incident Date | Incident Time | |
|---|---|---|---|
| ALEXANDER FIRE TRUCK STOP | 10/11/2013 | 01:20 PM | |
| **Call Location** | **Call Date** | **Call Time** | |
| I-440 EAST FROM I-30 | 10/11/2013 | 12:59 PM | |
| **Incident Address** | **Incident City** | **Incident State** | **Incident Zip Code** |
| 163 MILE MARKER ON INTERSTATE 40 EAST | NORTH LITTLE ROCK | AR | 72117 |
| **Number of Subjects** | **Number of Vehicles** | **Unit Assigned** | |
| 1 | 1 | A7 | |

**SUBJECT 1**

| The Subject is: | | | | Subject SSN | |
|---|---|---|---|---|---|
| OPERATOR | | | | 999999999 | |
| **Subject - Last Name** | **Subject - First Name** | | **Subject - MI** | **Subject - Suffix** | **Subject - Telephone #** |
| ALLEN | RANDY | | T | | |
| **Subject - Address** | **Subject - City** | | **Subject - State** | **Subject - Zip Code** | |
| 3445 SHAKER TOWN | ANTIOCH | | TN | 37013 | |
| **Subject - Driver License Number** | **Subject - DL State** | **Subject - DL Endorsements** | **Subject - DL Class** | **DL Restrictions** | |
| 063151815 | TN | NONE | D | NONE | |

| Subject - DOB | Subject - Race | Subject - Sex | Subject - Height | Subject - Weight | Subject - Hair Color | Subject - Eye Color |
|---|---|---|---|---|---|---|
| 2/16/1968 | AFRICAN AMERICAN | MALE | 5'10" | 210 lbs. | BLACK | BROWN |

| Subject - Employer | | | Subject - Work Number |
|---|---|---|---|
| N/A | | | (999)-999-9999 |
| **Subject - Employer Address** | **Subject - Employer City** | **Employer State** | **Subject - Employer Zip Code** |
| N/A | NOT AVAILABLE | TN | 99999 |

| Injury Transported | TRANSPORTED BY |
|---|---|
| ☐ YES ☒ NO | |

| HOSPITAL NAME | HOSPITAL CITY | HOSPITAL STAT |
|---|---|---|
| | | |

Subject - Additional Information
REPO OPERATOR OF THE FIRETRUCK

**VEHICLE 1**

Vehicle Class
## SUBJECT OF REPORT

| Year | Make | Model | Plate - Year | Plate - State |
|---|---|---|---|---|
| 2013 | NISSAN | ALTIMA | 2014 | TENNESSEE |
| **Plate - Number** | **Vehicle - Body** | **Vehicle - Color** | **Vehicle Identification Number** | |
| L1135F | 4 DOOR | BLACK | 1N4AL3AP2DN549934 | |

| Vehicle Towed | NAME OF TOWING SERVI | ADDRESS VEHICLE REMOVED | |
|---|---|---|---|
| ☐ YES | | | |
| | **CITY VEHICLE REMOVED** | **STATE VEHICLE REMOVED** | **ZIP VEHICLE REMOVED** |
| ☒ NO | | | |

Remarks
TRAIL VEHICLE

**Narrative**

ON FRIDAY 10/11/13 AT APPROXIMATELY 12:59 PM, TROOP A COMMUNICATIONS BROADCASTED THAT AN ALEXANDER FIRE TRUCK HAD BEEN TAKEN BY TWO BLACK MALES AND THE ASSISTANT FIRE CHIEF WAS FOLLOWING THE TRUCK ON INTERSTATE 440 EAST FROM INTERSTATE 30. TROOP A COMMUNICATIONS THEN ADVISED THAT THE TWO BLACK MALES CLAIMED TO BE REPOSSESSING THE FIRE TRUCK BUT DID NOT SHOW ANY PAPERWORK TO THE FIRE DEPARTMENT.

MYSELF AND TRP. CLEYTON MCDONALD PROCEEDED TO THE AREA. TRP. MCDONALD SAID HE WAS BEHIND THE FIRE TRUCK ON INTERSTATE 440 EAST, TAKING THE INTERSTATE 40 EAST EXIT. I TOLD HIM TO WAIT UNTIL I GOT BEHIND HIM BEFORE INITIATING A STOP. I CAUGHT UP WITH TRP. MCDONALD AROUND THE 163 MILE MARKER ON INTERSTATE 40 EAST. BEING THAT I'D NEVER HEARD OF A FIRE TRUCK BEING REPOSSESSED, I TOLD TRP. MC DONALD THAT WE WOULD CONDUCT A FELONY STOP FOR OFFICER SAFETY.

TRP. MCDONALD INITIATED A STOP AND THE FIRE TRUCK PULLED TO THE RIGHT SHOULDER. I ORDERED THE DRIVER (RANDY ALLEN) OUT AT GUNPOINT. I HANDCUFFED HIM AFTER I WALKED HIM BACK TO MY PATROL CAR. I ADVISED HIM HE WAS NOT UNDER ARREST BUT I WAS DETAINING HIM UNTIL WE FIGURED OUT WHAT WAS GOING ON. I NOTICED A BULGE ON HIS RIGHT HIP I LIFTED HIS SHIRT AND DISCOVERED A HIGHPOINT 9MM HANDGUN (SERIAL# P1534234). I REMOVED THE HANDGUN AND TWO KNIFES FROM HIM. MR ALLEN STATED HE WAS REPOSSESSING THE FIRE TRUCK AND HE HAD PAPERWORK IN THE BLACK NISSAN ALTIMA (TN LPN:L1135F) THAT WAS BEHIND US I PLACED MR. ALLEN IN THE REAR OF TRP. MC DONALD'S PATROL CAR AND ONCE AGAIN TOLD HIM HE WAS NOT UNDER ARREST. TRP. MC DONALD AND I CHECKED THE FIRE TRUCK FOR MORE OCCUPANTS BUT IT WAS EMPTY.

I WAS GIVEN THE REPOSSESSION PAPERWORK. THE PAPERWORK LOOKED LEGITIMATE AND HAD LETTERS FROM FIRST STATE BANK TO MAKE THE REPOSSESSION. IT ALSO INCLUDED A COPY OF THE TITLE TO THE FIRE TRUCK. ONCE I LOOKED OVER THE PAPERWORK AND FELT LIKE IT WAS ACCURATE, I TOLD TRP. MC DONALD TO REMOVE MR. ALLEN

Exhibit A

**Narrative**

FROM HIS PATROL CAR AND TAKE THE HANDCUFFS OFF OF HIM.

ASSISTANT FIRE CHIEF WILLIAM BLANKENSHIP WAS ON SCENE AND I ALLOWED HIM TO REVIEW THE REPOSSESSION PAPERWORK. CHIEF BLANKENSHIP DID STATE THEY WERE IN A LEGAL BATTLE WITH THE FINANCE COMPANY. CHIEF BLANKENSHIP ALSO SAID THAT THEY HAD ALREADY AGREED TO ALLOW THE REPOSSESSION COMPANY TO TAKE THE FIRE TRUCK BUT THEY WERE UPSET BECAUSE IT HAD THEIR EQUIPMENT ON THE TRUCK AND THE REPOSSESSION COMPANY WAS SUPPOSE TO COME BACK TO THE FIRE DEPARTMENT TO ALLOW THE FIREMEN TO UNLOAD THEIR EQUIPMENT. I ASKED THE REPOSSESSION COMPANY IF THEY WOULD ALLOW THE FIREMEN TO REMOVE THEIR EQUIPMENT AND THEY AGREED.

IN THE MEANTIME, MAYOR MICHELLE HOBBS CALLED AND WANTED TO SPEAK TO ME. I TOLD MAYOR HOBBS THAT THE REPOSSESSION PAPERWORK LOOKED ACCURATE AND THIS WAS A CIVIL MATTER BETWEEN THE CITY AND THEIR FINANCE COMPANY. I TOLD HER THAT I DIDN'T FEEL THAT ANY CRIMINAL VIOLATIONS HAD BEEN COMMITTED.

ONCE THE FIREMEN REMOVED THEIR EQUIPMENT, I GAVE MR. ALLEN HIS LICENSE, HANDGUN AND TWO KNIVES BACK. THE FIRE TRUCK WAS TAKEN TO A REPO LOT IN NASHVILLE, TENNESSEE.

OWNER INFORMATION ON THE BLACK NISSAN ALTIMA:

BURGNER ENTERPRISE INCORPORATED
THRIFTY CAR RENTAL
121 BRILEY PARKWAY
NASHVILLE, TN 37217

| Rank | Officer - Last Name | Officer - First Name | Officer - MI | Officer - Suffix |
|---|---|---|---|---|
| SGT | LANN | WILLIAM | B | |

| Officer - Signature | |
|---|---|
| Sgt. Will B. L[illegible] #454 | Officer - Department: ASP - TROOP A |
| | Officer - Badge Number: 0454 |

| Rank | Supervisor - Last Name | Supervisor - First Name | Supervisor - MI | Supervisor - Suffix |
|---|---|---|---|---|
| SGT | AGEE | ERIC | | |

| Supervisor - Signature | |
|---|---|
| SGT. E. D. Agee #21 | Supervisor - Department: ASP - TROOP A |
| | Supervisor - Badge Number: 21 |

ELECTRONICALLY FILED
2013-Oct-21 15:40:05
60CV-13-3913

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

FIRST STATE BANK PLAINTIFF

VS. NO. 60CV-13-3913

CITY OF ALEXANDER, ARKANSAS
PAUL ANTHONY GRAVER AND
LANCE DOMINIQUE DEFENDANTS

---

**AFFIDAVIT**

---

STATE OF OKLAHOMA

COUNTY OF Woods

The undersigned, being duly sworn, deposes and states:

1. My name is Michael George and I am President of First State Bank, Waynoka, Oklahoma ("First State Bank").
2. First State Bank is the assignee of indebtedness owed by the City of Alexander, Arkansas which is the subject of the above captioned litigation.
3. First State Bank has had no communication with Paul Anthony Graver, First Government Lease Co., or Lance Dominique since the before the above-caption matter was filed on or about October 2, 2013.
4. First State Bank did not authorize Paul Anthony Graver, First Government Lease Co., or Lance Dominique to take any action against or with the City of Alexander, including, but not limited to, attempting to collect any money, taking possession of any vehicle, personal property, or real property, or negotiating any settlement, in connection with the indebtedness that is the subject of this suit or otherwise.

Exhibit B

5. Further, affiant sayeth not.

Michael George

Subscribed and sworn to this 18th day of October, 2013.

Notary Public

MACHELLE K. ZOOK NOTARY PUBLIC COMM # 10007201 EXPIRES 08/30/14 IN AND FOR STATE OF OKLAHOMA WOODS COUNTY

My commission expires:

8/30/2014

35875
ELECTRONICALLY FILED
2013-Oct-21 15:40:05
60CV-13-3913

# *First Government Lease Co.*

## One-Page Lease To Own Financing

PO Box 8331
Northfield, IL 60093

Telephone 866.793.9670
Telefax 847.446.8377

www.firstgovernment.com
info@firstgovernment.com

**Assignment Of A Undivided Interest In A Municipal Lease Purchase Agreement**

Under the Municipal Lease Purchase Agreement dated 5/15/08 ("Lease") between First Government Lease Co. ("Lessor") and City of Alexander ("Lessee"), Lessor may assign all of its rights, title and interest in and to the Lease, the equipment subject to the Lease ("Equipment"), any documents executed with respect to the Lease, and any security interest in the Lease and the Equipment (collectively, "Lessor's Rights"). Lessor has assigned to the Municipal Lease Purchase Agreement Purchaser ("Purchaser") all of its interest in the Lessor's Rights. Purchaser in consideration of the payment of $30,397.79 ("Principal Amount") hereby receives an undivided 100% interest in the Lessor's Rights*. Lessor warrants that as of this date no Event of Default (as defined in the Lease) has occurred under the Lease.

Lessor agrees to act as Assignee's agent with respect to the performance of all ministerial matters in connection with the Lease, including giving and receiving notices, making required filings and receiving payments from Lessee and disbursing Assignee's pro rate portion thereof to Assignee. (Assignees shall indemnify Lessor against all claims arising in connection with Lessor's actions as agent for Assignee.) If there is an Event of Default, at Assignee's request and solely as its agent, Lessor shall take all steps that it believes, in its sole discretion, are appropriate to enforce Assignee's rights under the Lease. If there is an Event of Default and Lessor is requested to act on Assignee's behalf, Lessor shall be entitled to deduct from any payments received from Lessee an amount equal to the costs, including reasonable attorneys' fees, it incurs in enforcing Assignee's rights.

This Assignment shall inure to the benefit of and be finding upon Lessor and Assignee and their respective successors and assigns.

- 38 remaining payments of $884.00 starting 5/1/12.

Purchaser
By: ______________
CEO

First Government Lease Co.
By: ______________
Officer

Date: 4/5/12

**Exhibit C**

# First Government Lease Co.

## Lease Purchase Agreement

Lessor:
First Government Lease Co.
Box 8331
Northfield, IL 60093-8331
866.793.9670 or 847.441.5684
Fax 847.441.5012
info@firstgovernment.com

Lessee:
Name: CITY OF ALEXANDER
Address: PO BOX 610
City: ALEXANDER State: AR Zip: 72002
Phone: 501 350 3957 Fax 501 455 5531

Description of Equipment: 1999 FREIGHTLINER MODEL FL80 VIN 1FV6JLCB1XHA71796

Quantity: 1 Unit Price: 50,000 Total: 50000

Total Cash Price $50,000 2008 2B3KA43H18H247390 Number of Pmts. (Term) 84 MONTHS

Less Down Pmt. — 2008 2B3KA43H Amt. of each Pmt. $884

Net $50,000 285535 Lease Beginning Date 5/15/08

Interest & A.P.R. $24325 First Payment Due Date 7/1/08

Total Lease Price $74325

**Lessor hereby leases to lessee that certain equipment described above, subject to the terms, provisions, conditions and agreements of this lease hereinafter set forth:**

1. **Said equipment is leased beginning and for the Term specified above**
2. Lessee agrees to pay lessor one monthly payment specified above on the Lease Beginning Date and equal successive monthly payments until an amount equal to the total lease price specified above has been paid. Any amount due under this Lease which is past due more than ten (10) days shall be subject to a multiple time late payment charge of $100 per occurrence plus an amount equal to ten percent (10%) of the amount past due.
3. Lessee may purchase said equipment at any time during the lease term for the total lease price, less any payment already made and also less a portion of the lease service fee according to a schedule furnished on request by lessor to lessee, shall constitute purchase of the equipment. Also payment of all the monthly payments when due shall automatically constitute purchase of said equipment effective on the last day of the lease period.
4. Lessee may cancel this Lease Purchase Agreement only with Lessor's written approval at any time within the first 90 days of lease by giving written notice to Lessor and returning said equipment to Lessor, or to its order, in good condition as received, less normal wear, tear and depreciation. Upon such proper return, Lessee shall have no obligation to make payments coming due after the notice period.
5. Lessee, at its own cost and expense, shall keep the equipment in good repair, condition and working order and shall furnish any and all parts, mechanism and devices required to keep the equipment in good mechanical and working order. Lessee hereby assumes and shall bear the entire risk of loss and damage to the equipment from any and every cause whatsoever. No loss or damage to the equipment or any part thereof, shall impair any obligation of Lessee under this lease which shall continue in full force and effect. Lessee hereby appoints Lessor as Lessee's attorney in fact with full power to do all things to protect and further Lessee's and Lessor's agreement as set forth herein, including but not limited to, signing and filing UCC's, title applications and taking such other actions as Lessor deems reasonable and necessary. Lessee is obliged within 60 days of the Lease Beginning Date to provide a original duplicate title to Lessor, failing to provide a duplicate title within 60 days of Lease Beginning Date is an event of default.
6. If Lessee with regard to any item or items of equipment fails to pay any rent or other amount herein provided with 60 days after the same is due and payable, or if Lessee with regard to any item or items of equipment fails to observe, keep or perform any other provision of this lease required to be observed, kept or performed by Lessee, Lessor shall have the right to exercise any one or more of the following remedies: a. To declare the entire amount of rent hereunder immediately due and payable as to any or all items of equipment, without notice or demand to Lessee. b. To sue for and recover all rents, and other payments then accrued or thereafter accruing, with respect to any or all items of equipment. c. To take possession of any or all items of equipment without demand or notice, wherever same may be located, without any court order or other process law. d. To terminate this lease as to any or all items of equipment. e. To pursue any other remedy at law or in equity, notwithstanding any said repossession, or any other action which Lessor may take, Lessee shall be and remain liable for the full performance of all obligations on the part of Lessee to be performed under this lease. f. Lessee further agrees to pay all attorneys' fees incurred by Lessor in enforcing Lessor's rights under this agreement. All such remedies are cumulative, and may be exercised concurrently or separately.
7. Lessee intends to do all things lawful within its power to obtain and maintain funds from which payments may be made, including making provision for such payments to the extent necessary in each periodic budget submitted and adopted in accordance with applicable provisions of state and local law, to have such portion of the budget approved and to exhaust all available reviews and appeals in the event such portion of the budget is not approved. Lessee reasonably believes that legally available funds in an amount sufficient to make all Lease Payments during the term can be obtained. After a nonappropriation, the Lessee may not use other property or equipment to perform the same, or substantially similar, services for a period of one year.
8. Upon commencement of the Term, title to the equipment shall pass to Lessee from vendor or supplier. Lessee hereby grants a security interest in the equipment described herein, and the proceeds thereof to Lessor.
9. Lessee agrees to bring any judicial action arising directly or indirectly in connection with this agreement or any transaction covered hereby only in Courts located within Cook County, IL. Lessee also consents and submits to the jurisdiction of any State or Federal Court located within Cook County, IL. The choice of law shall be IL.
10. I certify that I am duly authorized to act within the powers of my office by executing this Lease Agreement, and the equipment being financed is essential to its governmental mission.

In witness whereof, the parties hereto have executed this lease this 15 day of MAY, 2008

By [signature] First Government Lease Co. [signature] (Lessee Signature) Mayor SHIRLEY JOHNSON (Print Signature and Title)

As Counsel for Lessee, I acknowledge that I have reviewed this Lease Purchase Agreement, the extract of any enabling minutes, and all necessary proceedings taken by the Lessee to authorize and execute this Lease Purchase Agreement, and therefor, I am of the opinion: a. The lessee is a duly constituted public corporation and political subdivision of the State referred to above, and b. This Lease Purchase Agreement has been duly authorized, executed and delivered by an authorized representative of the Lessee and is enforceable against the Lessee in accordance with its terms and conditions, and c. this Lease Purchase Agreement is a legal, valid and binding obligation of the Lessee.

[signature] (Counsel for Lessee) Patrick Duvall CITY ATT PATRICK DUVALL (Print Signature and Title)

# Arkansas Interactive Title Registration and Lien Report Summary

Fri Oct 18 11:47:47 CDT 2013

INFORMATION NETWORK OF ARKANSAS SUBSCRIPTION SERVICE

## Arkansas ITRL Summary

Vehicle Information

Type: TK Color: RED Purchase Date: 1999-05-25

Year: 1999 Make: FREIGHTLINER Model: F80

VIN: 1FV6JLCB1XHA71796 No. of Cylinders: 6 Weight: 12393

Dismantled: Stop Process: Stop Process Date: 1899-12-30

Registration Information

License No.: X12510 Inv. Type: City / County Truck or Trailer

Decal No.: Expiration Date: 0001-01-01

Registration Status: Title Issued

Owner Information

WOODLAND HILLS VOLUNTEER FIRE DEPARTMENT

PO BOX 87
ALEXANDER AR 72002

Title Information

Title Brand: Odometer Reading: 0 Odometer Code: (4) Exempt

Title No.: 99910609697 Date Issued: 2006-03-13

Prev. Title No.: 999403F3497 Pr. Title Info: C Pr Title ST: AR

Title Lien 1: GOVERNMENT CAPITAL
345 MIRON DRIVE
SOUTHLAKE TX 76092

Contract Date: 2002-07-10 Release Date: 2006-03-13

**Exhibit D**

| Title Lien 2. | MARQUETTE BANK<br>10000 WEST 151ST STREET<br>ORLAND IL 60462 | | |
|---|---|---|---|
| Contract Date. | 2002-06-26 | Release Date· | 0001-01-01 |
| Title Lien 3. | | | |
| Contract Date· | | Release Date | |
| Title Lien 4· | | | |
| Contract Date· | | Release Date· | |

Use the print function in your browser to print this record.

Records are not stored. You will be charged $1 50 for each new search.

Search Again

Order Certified Copy

* The following parameters were used for this search. [illegible]

If you are having trouble retrieving your results, please fill out a [illegible]

Carla L. Miller
Attorney at Law
The Miller Firm
2226 Cottondale Lane, Suite 200
Little Rock, AR 72202
501-454-2972
carlamiller.07@comcast.net
www.TheMillerFirm.net

*Admitted in Arkansas and New York

Like us on Facebook: www.facebook.com/CarlaLMillerPllc

Follow us on Twitter: www.twitter.com/@Attorneyin12

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-454-2972 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the above sender. Receipt of e-mail does not establish an attorney-client relationship. FAIR DEBT COLLECTION PRACTICES ACT NOTICE A portion of this firm's practice involves the collection of debts If you are a debtor, anything you say or communicate by e-mail or other means can be used for that purpose