ELECTRONICALLY FILED
2013-Oct-31 16:31:11
60CV-13-3913

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
SIXTH DIVISION

FIRST STATE BANK                                         PLAINTIFF

vs.                         Case No. 60CV-13-3913

CITY OF ALEXANDER, ARKANSAS;                            DEFENDANTS
PAUL ANTHONY GRAVER; AND
LANCE DOMINIQUE


CITY OF ALEXANDER, ARKANSAS                             CROSS-COMPLAINANT

vs.

PAUL ANTHONY GRAVER AND                                 CROSS-DEFENDANTS
FIRST GOVERNMENT LEASE CO.


## CROSS-DEFENDANTS' PROTECTIVE ANSWER TO CROSS COMPLAINT AND PETITION FOR RESTRAINING ORDER & CROSS-DEFENDANTS' AFFIRMATIVE DEFENSES PURSUANT TO ARK. R. CIV. P. 12(b)

COME NOW the Cross-Defendants, Paul Anthony Graver and First Government Lease

Co., by and through their attorney Matthew D. Campbell of Pinnacle Law Firm, PLLC, and for

their Protective Answer to Cross-Complainant's Cross Complaint and Petition for Restraining

Order & Cross-Defendants' Affirmative Defenses Pursuant to Arkansas Rule of Civil Procedure

12(b), state:

1. Cross-Defendants admit the allegations in paragraph 1 of the Cross-Complaint.

2. Cross-Defendants admit the allegations in paragraph 2 of the Cross-Complaint.

3. Cross-Defendants admit the allegations in paragraph 3 of the Cross-Complaint.

4. Cross-Defendants admit that the actions complained of occurred, at least in part, in Pulaski County, and that this Court has subject-matter jurisdiction over the parties; Cross-Defendants specifically deny that this Court has personal jurisdiction over the parties or that venue is proper in Pulaski County.

5. Cross-Defendants admit that they took possession of one 1999 Freightliner FL80 fire truck, VIN 1FV6JLCB1XHA71796, ("the fire truck") from the Cross-Complainant City of Alexander ("Alexander") on or about October 11, 2013; Cross-Defendants specifically deny that the repossession of the fire truck was done by purporting to have authority from First State Bank of Waynoka, Oklahoma.

6. Cross-Defendants specifically deny that they or their agent, upon taking possession of the fire truck, denied Alexander access to the fire truck to retrieve equipment.

7. Cross-Defendants admit that First State Bank did not authorize Cross-Defendants to take possession of the fire truck; Cross-Defendants specifically deny that this fact has any relevance to the instant matter, as First State Bank has no ownership or possessory interest in the fire truck.

8. Cross-Defendants deny that, at the time they took possession of the fire truck, the Lease Purchase Agreement for which the fire truck was security was assigned to "Shattuck Bank;" pleading in the affirmative, Cross-Defendants assert that, on the day prior to taking possession of the fire truck, the Lease Purchase Agreement was purchased by Cross-Defendants from Shattuck National Bank. *See* Exhibit 1 attached hereto.

2

9. Cross-Defendants admit the allegations in paragraph 9 of the Cross-Complaint; pleading affirmatively, Cross-Defendants deny that the allegations in paragraph 9 are relevant to the instant action.

10. Cross-Defendants deny the allegations in paragraph 10 of the Cross-Complaint.

11. Cross-Defendants deny the allegations in paragraph 11 of the Cross-Complaint.

**CROSS-COMPLAINANT'S COUNT I**

12. Cross-Defendants restate and realleage their admissions, denials, and affirmative pleadings in paragraphs 1-11 as if set out fully herein.

13. Cross-Defendants deny the allegations in paragraph 13 of the Cross-Complaint.

14. Cross-Defendants deny the allegations in paragraph 14 of the Cross-Complaint.

15. Cross-Defendants deny the allegations in paragraph 15 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that none of the Exhibits attached to Alexander's Cross-Complaint purport to be the "repossession paperwork" that Alexander alleges was fraudulent.

16. Cross-Defendants deny the allegations in paragraph 16 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that the fire truck is the subject of litigation that is currently pending the Circuit Court of Cook County, Illinois, Municipal Department, 2nd District, in case number 13M202218, which was filed on October 11, 2013. *See* Exhibit 2 attached hereto.

17. Cross-Defendants deny the allegations in paragraph 17 of the Cross-Complaint.

3

18. Cross-Defendants deny the allegations in paragraph 18 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that Alexander is misleading the Court with this statement, as Cross-Defendants sent letters to Ms. Carla Miller, as City Attorney for Alexander, on July 16, 2013 (Exhibit 3), and October 8, 2013 (Exhibit 4), the latter of which informed Ms. Miller that, pursuant to the Uniform Commercial Code's provisions regarding anticipatory breach, Cross-Defendants intended to repossess the fire truck.

19. Cross-Defendants lack the necessary knowledge to either admit or deny the allegations in paragraph 19 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that whether the repossession attempt "breached the peace" is a question for the police at the scene, not for Cross-Complainant's attorney to answer in hindsight, and the allegations are therefore irrelevant.

20. Cross-Defendants lack the necessary knowledge to either admit or deny the allegations in paragraph 20 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that their rights under Section 2 of the Uniform Commercial Code are not abrogated by Alexander's claims regarding its citizenry.

21. Cross-Defendants deny the allegations in paragraph 21 of the Cross-Complaint.

22. Cross-Defendants deny the allegations in paragraph 22 of the Cross-Complaint; pleading affirmatively, Cross-Defendants asserts that Alexander cannot be entitled to replevin where it is neither the owner, nor legally entitled to possession, of the fire truck. *See Williams v. Harrell*, 226 Ark. 115, 288 S.W.2d 321 (1956).

## CROSS-COMPLAINANT'S COUNT II

23. Cross-Defendants restate and realleage their admissions, denials, and affirmative pleadings in paragraphs 1-22 as if set out fully herein.

24. Cross-Defendants admit that the fire truck is a moveable item of personal property; Cross-Defendants specifically deny that Alexander owns the fire truck.

25. Cross-Defendants deny the allegations in paragraph 25 of the Cross-Complaint.

26. Cross-Defendants deny the allegations in paragraph 26 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that none of the Exhibits attached to the Cross-Complaint purport to be the "repossession paperwork."

27. Cross-Defendants admit the allegations in paragraph 27 of the Cross-Complaint.

28. Cross-Defendants admit that they transferred possession of the fire truck from Alexander to Cross-Defendants; Cross-Defendants specifically deny that they did so without authority.

29. Cross-Defendants deny that they lack a legal right to exercise possession of the fire truck.

30. Cross-Defendants deny that their assertion of ownership of the fire truck is inconsistent with Alexander's rights, as any rights Alexander has in the fire truck at this point are governed by the terms of the Lease Purchase Agreement (Exhibit 5), and Cross-Defendants' actions have not violated any terms of this agreement.

31. Cross-Defendants deny that their dominion and control over the fire truck is inconsistent with Alexander's rights, as any rights Alexander has in the fire truck at this point are governed by the terms of the Lease Purchase Agreement, and Cross-Defendants' actions have not violated any terms of this agreement.

5

32. Cross-Defendants deny the allegations in paragraph 32 of the Cross-Complaint.

33. Cross-Defendants deny the allegations in paragraph 33 of the Cross-Complaint.

34. Cross-Defendants lack the necessary knowledge to admit or deny the allegations in paragraph 34 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that their rights under Section 2 of the Uniform Commercial Code are not abrogated by Alexander's claims regarding its citizenry.

35. Cross-Defendants deny the allegations in paragraph 35 of the Cross-Complaint.

36. Cross-Defendants deny the allegations in paragraph 36 of the Cross-Complaint; Cross-Defendants also specifically deny that Alexander has any right to attorney's fees or damages in any action stemming from the lawful repossession of the fire truck.

37. Cross-Defendants deny the allegations in paragraph 37 of the Cross-Complaint.

## CROSS-COMPLAINANT'S COUNT III

38. Cross-Defendants restate and reallege their admissions, denials, and affirmative pleadings in paragraphs 1-37 as if set out fully herein.

39. Cross-Defendants deny the allegations in paragraph 39 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that none of the exhibits attached to the Cross-Complaint purports to be the documentation provided by Cross-Defendants' agent.

40. Cross-Defendants deny the allegations in paragraph 40 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that Alexander's claim under the Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107(a)(10), fails as a matter of law because repossession is not an instance of false representation, fraud, or the improper use of

economic leverage in a trade transaction. *See generally Universal Coops., Inc. v. AAC Flying Serv.*, 710 F.3d 790 (8th Cir. 2013). Cross-Defendants further plead in the affirmative that Alexander lacks standing to bring a claim under the Arkansas Deceptive Trade Practices Act because Alexander has suffered no actual damages from the lawful repossession of the fire truck. *See* Ark. Code Ann. § 4-88-113(f).

41. Cross-Defendants lack the necessary knowledge to admit or deny the allegations in paragraph 41 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that their rights under Section 2 of the Uniform Commercial Code are not abrogated by Alexander's claims regarding its citizenry.

42. Cross-Defendants deny the allegations in paragraph 42 of the Cross-Complaint.

43. Cross-Defendants deny the allegations in paragraph 43 of the Cross-Complaint.

## CROSS-COMPLAINANT'S COUNT IV

44. Cross-Defendants restate and realleage their admissions, denials, and affirmative pleadings in paragraphs 1-43 as if set out fully herein.

45. Cross-Defendants deny the allegations in paragraph 45 of the Cross-Complaint.

46. Cross-Defendant Graver denies the allegations in paragraph 46 of the Cross-Complaint; pleading affirmatively, Cross-Defendant Graver asserts that Exhibit B does not demonstrate that he ever purported to speak for First State Bank.

47. Cross-Defendants lack the necessary knowledge to admit or deny the allegations in paragraph 47 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that

Alexander's ability to manage emergencies that may occur does not defeat Cross-Defendants' valid security interest in the fire truck.

48. Cross-Defendants lack the necessary knowledge to admit or deny the allegations in paragraph 48 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that "tending to the business of the city" includes dealing with the lawful repossession of the fire truck pursuant to Section 2 of the Uniform Commercial Code and the terms of the Lease Purchase Agreement between Alexander and Cross-Defendants.

49. Cross-Defendants deny the allegations in paragraph 49 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that they have an interest in the fire truck. *See* Exhibit 1.

50. Cross-Defendants deny the allegations in paragraph 50 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that a restraining order that prohibits the sale of the fire truck, which Cross-Defendant is legally entitled to do, is by definition a harm suffered by Cross-Defendants.

51. Cross-Defendants deny the allegations in paragraph 51 of the Cross-Complaint.

52. Cross-Defendants deny the allegations in paragraph 52 of the Cross-Complaint; pleading affirmatively, Cross-Defendants assert that where, as here, a Cross-Complaint is brought without personal jurisdiction, in the wrong venue, and is seeking to litigate a subject matter that is already the subject of pending litigation elsewhere, Alexander cannot possibly succeed on the merits of its Cross-Complaint.

53. Cross-Defendants deny the allegations in paragraph 53 of the Cross-Complaint.

54. Cross-Defendants deny that this Court is the proper forum for Alexander's Cross-Complaint or any amendments thereto.

## CROSS-DEFENDANTS' AFFIRMATIVE DEFENSE I: LACK OF PERSONAL JURISDICTION

55. Cross-Defendants restate and realleage their admissions, denials, and affirmative pleadings in paragraphs 1-54 as if set out fully herein.

56. Cross-Defendants previously assigned their interest in the Lease Purchase Agreement to Shattuck National Bank, but Cross-Defendants re-purchased that interest on October 10, 2013. *See* Exhibit 1. This purchase included all rights, securities, and interest in the agreement.

57. Paragraph 9 of Lease Purchase Agreement (Exhibit 5) states:

> Lessee agrees to bring any judicial action arising directly or indirectly in connection with this agreement or any transaction covered hereby only in Courts located within Cook County, IL. Lessee also consents and submits to the jurisdiction of any State or Federal Court located within Cook County, IL. The choice of law shall be IL.

58. Arkansas courts have held that a valid forum-selection clause in a commercial contract implies consent as to personal jurisdiction. *See RMP Rentals v. Metroplex, Inc.*, 356 Ark. 76, 146 S.W.3d 861, (2004).

59. Arkansas courts adhere to the view that an individual who subjects himself to the personal jurisdiction of a Court by express agreement shall be bound by that contract, if the agreement can be determined to be fair and reasonable. *See BAAN, U.S.A. v. V. USA Truck, Inc.*, 82 Ark. App. 202, 206, 105 S.W.3d 784, 786 (2003).

9

60. For a forum-selection clause to be unreasonable or unfair, it must do more than inconvenience a party; it must effectively deprive the party of its day in court. *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 362 Ark. 598, 607, 210 S.W.3d 101, 108 (2005).

61. Alexander has not been deprived of a day in court regarding the fire truck; indeed, the case that is currently pending in Cook County, Illinois, (Exhibit 2) will provide Alexander with a day in court to litigate this very matter.

62. Because Alexander has not been deprived of a day in court, there is nothing unfair or unreasonable about the forum-selection clause in the Lease Purchase Agreement; accordingly, Alexander is bound by the terms of that clause, and this Court lacks personal jurisdiction over the parties under the forum-selection clause.

63. Accordingly, Cross-Defendants are entitled to dismissal of Alexander's Cross-Complaint pursuant to Arkansas Rule of Civil Procedure 12(b)(2).

## CROSS-DEFENDANTS' AFFIRMATIVE DEFENSE II: IMPROPER VENUE

64. Cross-Defendants restate and reallege their admissions, denials, and affirmative pleadings in paragraphs 1-63 as if set out fully herein.

65. The forum-selection clause in the Lease Purchase Agreement between Cross-Defendants and Alexander is unequivocal that venue in this action is proper "only in Courts located within Cook County, IL." *See* Exhibit 5.

66. The Arkansas Supreme Court characterizes venue as an issue of jurisdiction over the person. *See generally Centerpoint Energy, Inc. v. Miller County Circuit Court*, 372 Ark. 343, 276 S.W.3d 231 (2008).

67. Logically, it follows that, if venue is an issue of personal jurisdiction, then a forum-selection clause that removes personal jurisdiction from a specific court also makes that court the improper venue in which to bring an action.

68. Accordingly, Cross-Defendants are entitled to dismissal of Alexander's Cross-Complaint pursuant to Arkansas Rule of Civil Procedure 12(b)(3).

## CROSS-DEFENDANTS' AFFIRMATIVE DEFENSE III: INSUFFICIENCY OF PROCESS

69. Cross-Defendants restate and realleage their admissions, denials, and affirmative pleadings in paragraphs 1-68 as if set out fully herein.

70. The summons issued for Cross-Defendant Graver (Exhibit 6) lists his address as:

PAUL ANTHONY GRAVER
UNKNOWN
UNKNOWN, UN 00000

71. Under Arkansas Rule of Civil Procedure 4(b), a summons to appear in a court of this state must, in pertinent part, "state the name and address of the plaintiff's attorney, if any, otherwise the address of the plaintiff."

72. Substantial compliance as to the form of a summons under Rule 4 is not sufficient. *See Vinson v. Ritter*, 86 Ark. App. 207, 167 S.W.3d 162 (2004) (explaining, "[i]n the context of the requirement of strict compliance with Ark. R. Civ. P. 4, it should be noted that cases

decided under the past rule of 'substantial compliance' will no longer be of precedential value").

73. The summons issued for Cross-Defendant Graver clearly fails to comply with the requirements of Rule 4(b); as such, Cross-Defendant Graver is entitled to dismissal for insufficiency of process pursuant to Arkansas Rule of Civil Procedure 12(b)(4).

## CROSS-DEFENDANTS' AFFIRMATIVE DEFENSE III: INSUFFICIENCY OF SERVICE OF PROCESS

74. Cross-Defendants restate and realleage their admissions, denials, and affirmative pleadings in paragraphs 1-73 as if set out fully herein.

75. Under Arkansas Rule of Civil Procedure 4(e), whenever the laws of this state allow for service of process in another state, that service may be accomplished, as is relevant here, (1) By personal delivery in the same manner prescribed for service within this state; (2) In any manner prescribed by the law of the place in which service is made in that place in an action in any of its courts of general jurisdiction; (3) By mail as provided in subdivision (d)(8) of this rule; or (5) As directed by the court.

76. Where service is attempted by an attorney for the complainant, such service must comply with Arkansas Rule of Civil Procedure 4(d)(8), which limits an attorney to service by mail or commercial delivery company. *See also* Ark. R. Civ. P. 4(c).

77. Alexander attempted to effect service on Cross-Defendants via electronic mail, facsimile, and United States Postal Service; of these, only the attempt by United States Postal Service would be valid if properly effectuated.

78. Arkansas law is well settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Vinson*, 86 Ark. App. 207, 167 S.W.3d 162; *see also Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003) (citing *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001)).

79. Arkansas law is equally well settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *See Smith*, 353 Ark. 701, 120 S.W.3d 525 (citing *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996)).

80. Importantly, actual knowledge by a defendant of the proceeding against him does not validate defective service of process. *See Vinson*, 86 Ark. App. 207, 167 S.W.3d 162.

81. The record in this case does not indicate that Alexander, through its city attorney, has properly effected service of valid process on Cross-Defendants; accordingly, Cross-Defendants are entitled to dismissal for insufficient service of process pursuant to Arkansas Rule of Civil Procedure 12(b)(5).

## CROSS-DEFENDANTS' AFFIRMATIVE DEFENSE V: FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

82. Cross-Defendants restate and realleage their admissions, denials, and affirmative pleadings in paragraphs 1-81 as if set out fully herein.

83. An affirmative defense of failure to state a claim upon which relief can be granted, pursuant to Arkansas Rule of Civil Procedure 12(b)(6), must be read in conjunction with the

requirements for pleadings under Arkansas Rule of Civil Procedure 8.  *See Spires v. Members of Election Comm'n*, 302 Ark. 407, 790 S.W.2d 167 (1990).

84. Under Rule 8, a pleading must establish, *inter alia*, that the court has jurisdiction and that venue is proper in that court. *See* Ark. R. Civ. P. 8(a).

85. Jurisdiction must be determined entirely from the pleadings, and, if the pleadings do not establish jurisdiction, the court is not to proceed further. *See McKinney v. City of El Dorado*, 308 Ark. 284, 824 S.W.2d 826 (1992).

86. As discussed in Cross-Defendants' Affirmative Defenses I and II, *supra*, the presence of a forum-selection clause in the **Lease Purchase Agreement** precludes this Court's exercise of jurisdiction over the parties and makes venue improper in this Court.

87. Accordingly, Alexander has failed to establish one of the requirements under Rule 8(a), and Cross-Defendants are entitled to dismissal of the Cross-Complaint based on Arkansas Rule of Civil Procedure 12(b)(6).

WHEREFORE Cross-Defendants pray that this Court will dismiss Alexander's Cross-Complaint based on any or all of the affirmative defenses of lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, and/or failure to state a claim upon which relief can be granted; deny Alexander's request for a permanent restraining order; rescind this court's order granting a temporary restraining order; and enter any other relief to which Cross-Defendants may be entitled.

Respectfully submitted,

**Pinnacle Law Firm, PLLC**
212 Center St., 11th Floor
Little Rock, AR 72201
(501) 396-9246

By:

_____
Matthew D. Campbell, ABA #2009032
*Attorney for Cross-Defendants*


## CERTIFICATE OF SERVICE

I, Matthew D. Campbell, herby certify that a true and correct copy of the foregoing will be served on the following attorneys of record electronically as of the date of filing by the Clerk of this Court. An additional copy will be mailed via U.S. Mail, postage prepaid, to the attorneys as of that date as well.

Christopher L. Travis
Gill Ragon Owen, P.A.
425 W. Capitol, Suite 3801
Little Rock, AR 72201

Carla L. Miller
The Miller Firm
2226 Cottondale Ln., Suite 200
Little Rock, AR 72202

_____
Matthew D. Campbell

15

ELECTRONICALLY FILED
2013-Oct-31 16:31:11
0CV-13-3913

EXHIBIT **1**

# First Government Lease Co.

## One-Page Lease To Own Financing

PO Box 8331
Northfield, IL 60093

Telephone 866.793.9670
Telefax 847.446.8377

www.firstgovernment.com
info@firstgovernment.com

### Assignment of a Undivided Interest in a Municipal Lease Purchase Agreement

Under the Municipal Lease Purchase Agreement dated 8/15/08 between First Government Lease Co, ("Lessor") and City of Alexander ("Lessee"), Lessor may assign all of its rights, title and interest in and to the Lease, the equipment subject to the Lease ("Equipment"), any documents executed with respect to the Lease, and any security interest in the Lease and the Equipment (collectively, "Lessor's Rights"). Lessor has assigned to the Municipal Lease Purchase Agreement Purchaser ("Purchaser") all of its interest in the Lessor's Rights. Purchaser in consideration of the payment of $7,072.00 ("Principal Amount") hereby receives an undivided 100% interest in the Lessor's Rights*. Lessor warrants that as of this date no Event of Default (as defined in the Lease) has occurred under the Lease.

Lessor agrees to act as Assignee's agent with respect to the performance of all ministerial matters in connection with the Lease, including giving and receiving notices, making required filings and receiving payments from Lessee and disbursing Assignee's pro rata portion thereof to Assignee. Assignees shall indemnify Lessor against all claims arising in connection with Lessor's actions as agent for Assignee. If there is an Event of Default, at Assignee's request and solely as its agent, Lessor shall take all steps that it believes, in its sole discretion, are appropriate to enforce Assignee's rights under the Lease. If there is an Event of Default and Lessor is requested to act on Assignee's behalf, Lessor shall be entitled to deduct from any payments received from Lessee an amount equal to the costs, including reasonable attorneys' fees, it incurs in enforcing Assignee's rights.

This Assignment shall inure to the benefit of and be finding upon Lessor and Assignee and their respective successors and assigns.

- 8 remaining monthly payments of $884.00.

Purchaser

By: _____

Shattuck National Bank

By: _____
Officer

Date: 10/10/13

Small Claims Complaint-Verified (Claims under $10,000)

ELECTRONICALLY FILED
2013-Oct-06 06:36:0750
090V 12-2012

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, _LN_ DISTRICT

PAUL GRAVER d/b/a
FIRST GOVERNMENT LEAS CO.
PO BOX 8331, NORTHFIELD
IL, 60093
**Plaintiff(s)**

No. **13M202218**

Amount Claimed: $ **7072 — PLUS COSTS**

CITY OF ALEXANDER
1560S ALEXANDER RD
ALEXANDER RD,
ALEXANDER, AR 72002
**Defendant(s)**

Return Date: **11/12/13**

STATUS 12/16/13
#205 1:30

### SMALL CLAIMS COMPLAINT-VERIFIED
(IL Sup. Ct. Rules 281-288)

NOW COME First Government Lease Co., (the "Plaintiff"), by Paul Graver, Pro Se, and for its complaint against the City of Alexander (the "Defendant"), states as follows:

### BREACH OF CONTRACT

1. The Plaintiff is a sole proprietorship owned and operated by Paul Graver doing business under the name of First Government Lease Co., having its principal place of business in Northfield, IL.

2. The Defendant, City of Alexander, on information and belief, is an AR entity, which transacted the business giving rise to this lawsuit in Cook County, IL.

3. The Defendants sought to purchase from Woodland Hills VFD. (the "Suppliers"), and Suppliers sought to sell to Defendants, certain "1999 Freightliner 1FV6JLCB1XHA71797" (the "Equipment").

4. Plaintiff agreed to finance the Supplier's sale of the Equipment to Defendant. Defendant transferred title to Plaintiff for security purposes. Plaintiff in turn leased the Equipment to Defendant under an installment purchase contract.

5. Under the terms of the contract, Defendant agreed to be liable to Plaintiff for 84 monthly payments of $884.00 starting on 7/1/08. (Ex A).

6. The financing of Defendant purchase of the Equipment was dependent on Defendant accepting the contract, and thereby constituted consideration for the contract.

7. Plaintiff financed the purchase of the Equipment, and entered a Lease Purchase Contract with Defendant, whereby Defendant agreed to repay the cost of the Equipment with interest. Plaintiff delivered to Supplier the sum due. This constitutes full performance by Plaintiff under the contract.

8. Prior to paying the Suppliers, Plaintiff independently verified that Mayor Shirley Johnson was an authorized officer and that the contract was legal, proper and binding on all parties.

9. The Defendant after making seventy six payments, Defendant defaulted upon anticipatory breach on its lease agreement with Plaintiff. Plaintiff thereafter made demand on Defendant under the Uniform Commercial Code (Ex. B).

**EXHIBIT 2**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Small Claims Complaint-Verified  (Claims under $10,000)                              (1/03/06) CCM 0750

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, _C N_ DISTRICT

10. Defendant has refused to contradict the Uniform Commercial Code relating to anticipatory breach. This refusal to respond constitutes a breach of the contract between Plaintiff and Defendant.

WHEREFORE the plaintiff, First Government Lease Co. by Paul Graver, Pro Se, prays this court to enter judgment in its favor and against the defendant, City of Alexander, as follows:

1. For the amount of 8 payments of $884.00 for $7,072.00, plus costs.
2. For prejudgment interest until such sum is paid;
3. For the plaintiff's cost of suit and paid consulting attorneys' fees; and
4. For such other relief as the court may deem just in the premises.

I, _PAUL GRAVER_  _PRESIDENT, FIRST GOVERNMENT LEASE CO_
            (Plaintiff's Name)                              , certify that I am the Plaintiff in the above entitled action.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the undersigned certifies that the statements set forth herein are true and correct.

Atty. No.: _99500_                    Pro Se  99500

Atty. (or Pro Se Plaintiff):

Name: _PAUL GRAVER_                    Dated: _10/11_ , _13_

Address: _Box 8331_

City/State/Zip: _Northfield, IL 60093_

Telephone: _847-441-5684  Ext_                    Signature

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ELECTRONICALLY FILED
2013-Oct-31 16:31:11
60CV-13-3913

# *First Government Lease Co.*

## One-Page Lease To Own Financing

| | | |
|---|---|---|
| PO Box 8331 | Telephone 866.793.9670 | www.firstgovernment.com |
| Northfield, IL 60093-8331 | Telefax 847.441.5012 | info@firstgovernment.com |

**EXHIBIT 3**

1 of 1

VIA FIRST CLASS MAIL

July 16, 2013

Dear Ms, Carla L. Miller
Attorney At Law
2226 Cottondale Lane #200
Little Rock, AR 72202

RE: Alexander Lease/Purchase Agreement

**Dear Ms. Miller:**

Pursuant to the Uniform Commercial Code (UCC) prescribes a procedure for dealing with anticipatory breach.  I have reason to believe our conversation today, is a repudiation of the contract with the City of Alexander dated 5/15/08.

I hereby demand my right for "adequate assurance of performance" of the contract.

Paul Graver
President
First Government Lease Co.
866-793-9670 Ex. 0

3

ELECTRONICALLY FILED
2013-Oct-31 16:31:11
60CV-13-3913

# *First Government Lease Co.*
## One-Page Lease To Own Financing

PO Box 8331             Telephone 866.793.9670      www.firstgovernment.com
Northfield, IL 60093-8331   Telefax 847.441.5012         info@firstgovernment.com

**EXHIBIT 4**

1 of 1

VIA HAND DELIVERY TO AN AGENT OF CITY OF ALEXANDER

October 8, 2013

Dear Ms, Carla L. Miller
Attorney At Law
2226 Cottondale Lane #200
Little Rock, AR 72202

RE: Alexander Lease/Purchase Agreement

Dear Ms. Miller:

Pursuant to the Uniform Commercial Code (UCC) prescribes a procedure for dealing with anticipatory breach. 30 days have since passed you have failed to notify me.

I'm taking my vehicles.

Raul Graver
President
First Government Lease Co.
866-793-9670 Ex. 0

4

JUN-25-2008 09:49   FROM:

TO:15014555531

ELECTRONICALLY FILED
2013-Oct-31  16:31:11
60CV-13-3913

# First Government Lease Co.

**EXHIBIT 5**

## Lease Purchase Agreement

Lessor:
First Government Lease Co.
Box #331
Northfield, IL 60093-8331
866.793.9670 or 847.441.5684
Fax 847.441.5012
info@firstgovernment.com

Lessee:
Name: _CITY OF ALEXANDER_

Address: _PO BOX 610_

City: _ALEXANDER_   State: _AR_  Zip: _72002_

Phone: _501-350-3957_   Fax _501-455-5531_

Description of Equipment: _1999 FREIGHTLINER MODEL FL80_ VIN _1FU6JLCB1XHA71796_

Quantity: _1_   Unit Price: _50,000_  Total: _50000_

Total Cash Price _$50,000_

Less Down Pmt. _-_

Net _$50,000_

Interest & A.P.R. _24,315_

Total Lease Price _$74,325_

Number of Pmts. (Term) _84 MONTHS_

Amt. of each Pmt. _$884_

Lease Beginning Date _5/15/08_

First Payment Due Date _7/1/08_

Lessor hereby leases to lessee that certain equipment described above, subject to the terms, provisions, conditions and agreements of this lease hereinafter set forth:

1. Said equipment is leased beginning and for the Term specified above

2. Lessee agrees to pay lessor one monthly payment specified above on the Lease Beginning Date and equal successive monthly payments until an amount equal to the total lease price specified above has been paid. Any amount due under this Lease which is past due more than ten (10) days shall be subject to a multiple time late payment charge of $100 per occurrence plus an amount equal to ten percent (10%) of the amount past due.

3. Lessee may purchase said equipment at any time during the lease term for the total lease price, less any payment already made and also less a portion of the lease service fee according to a schedule furnished on request by lessor to lessee, shall constitute purchase of the equipment. Also payment of all the monthly payments when due shall automatically constitute purchase of said equipment effective on the last day of the lease period.

4. Lessee may cancel this Lease Purchase Agreement only with Lessor's written approval at any time within, the first 90 days of lease by giving written notice to Lessor and returning said equipment to Lessor, or to its order, in good condition as received, less normal wear, tear and depreciation. Upon such proper return, Lessee shall have no obligation to make payments coming due after the notice period.

5. Lessee, at its own cost and expense, shall keep the equipment in good repair, condition and working order and shall furnish any and all parts, mechanism and devices required to keep the equipment in good mechanical and working order. Lessee hereby assumes and shall bear the entire risk of loss and damage to the equipment from any and every cause whatsoever. No loss or damage to the equipment or any part thereof, shall impair any obligation of Lessee under this lease which shall continue in full force and effect. Lessee hereby appoints Lessor as Lessee's attorney in fact with full power to do all things to protect and further Lessee's and Lessor's agreement as set forth herein, including but not limited to, signing and filing UCC's, title applications and taking such other action as Lessor deems reasonable and necessary. Lessee is obligated within 60 days of the Lease Beginning Date to provide a original duplicate title to Lessor, failing to provide a duplicate title within 60 days of Lease Beginning Date is an event of default.

6. If Lessee with regard to any item or items of equipment fails to pay any rent or other amount herein provided within 60 days after the same is due and payable, or if Lessee with regard to any item or items of equipment fails to observe, keep or perform any other provision of this lease required to be observed, kept or performed by Lessee, Lessor shall have the right to exercise any one or more of the following remedies: a. To declare the entire amount of rent hereunder immediately due and payable as to any or all items of equipment, without notice or demand to Lessee. b. To sue for and recover all rent, and other payments then accrued or thereafter accruing, with respect to any or all items of equipment. c. To take possession of any or all items of equipment without demand or notice, wherever same may be located, without any court order or other process law. d. To terminate this lease as to any or all items of equipment. e. To pursue any other remedy at law or in equity, notwithstanding any said termination, any other action which Lessee may take, Lessee shall be and remain liable for the full performance of all obligations on the part of Lessee to be performed under said lease. f. Lessee further agrees to pay all attorneys' fees incurred by Lessor in enforcing Lessor's rights under this agreement. All such remedies are cumulative, and may be exercised concurrently or separately.

7. Lessee intends to do all things lawful within its power to obtain and maintain funds from which payments may be made, including making provision for such payments to the extent necessary in each periodic budget submitted and adopted in accordance with applicable provisions of state and local law, to have such portion of the budget approved and to exhaust all available reviews and appeals in the event such portion of the budget is not approved. Lessee reasonably believes that legally available funds in an amount sufficient to make all Lease Payments during the term can be obtained. After a nonappropriation, the Lessee may not use other property or equipment to perform the same, or substantially similar, services for a period of one year.

8. Upon commencement of the Term, title to the equipment shall pass to Lessee from vendor or supplier. Lessee hereby grants a security interest in the equipment described herein, and the proceeds thereof to Lessor.

9. Lessee agrees to bring any judicial action arising directly or indirectly in connection with this agreement or any transaction covered hereby only in Courts located within Cook County, IL. Lessee also consents and submits to the jurisdiction of any State or Federal Court located within Cook County, IL. The choice of law shall be IL.

10. I certify that I am duly authorized to act within the powers of my office by executing this Lease Agreement, and the equipment being financed is essential to its governmental mission.

In witness whereof, the parties hereto have executed this lease this _15_ day of _May_, 20 _08_.

By: _[signature]_
First Government Lease Co.

_[signature]_
(Lessee Signature and Title)

_MAYOR SHIRLEY JOHNSON_
(Print Signature and Title)

As Counsel for Lessee, I acknowledge that I have reviewed this Lease Purchase Agreement, the extract of very enabling statutes, and all necessary proceedings taken by the Lessee to authorize and execute this Lease Purchase Agreement, and therefore, I am of the opinion: a. The Lessee is a duly constituted public corporation and political subdivision of the State referred to above, and b. This Lease Purchase Agreement has been duly authorized, executed and delivered by an authorized representative of the Lessee and is enforceable against the Lessee in accordance with its terms and conditions, and c. This Lease Purchase Agreement is a legal, valid and binding obligation of the Lessee.

_[signature]_
(Counsel for Lessee)

_CIVDF  PATRICK DUVAK_
(Print Signature and Title)